By the Court.
The defendant in error, William E. Myers, brought an action in the court of common pleas of Tuscarawas county to enjoin plaintiffs in error from proceeding to establish or open a lane, or outlet road, from a coal mine on the land of the Edwardses, through and over the land of defendant in error, to a public road. In the answer of plaintiffs in error it was alleged, among other things, that said proposed lane, or outlet road, had been petitioned for by the said Edwardses in due and legal form under and in accordance with the provisions of Sections 6887, 6888 and 6889, General Code. The constitutionally of these sections was challenged by the defendant in error in his reply.
The court of common pleas enjoined plaintiffs in error from proceeding to establish said road. The cause was appealed to the court of appeals and judgment was rendered for defendant in error upon the sole ground that the sections of the General Code under which plaintiffs in error were attempting to proceed were unconstitutional. Plaintiffs in error are here seeking the reversal of that judgment.
Section 6887, General Code, enacted May 17, 1915 (106 Ohio Laws, 582), is as follows:
“Any person, firm or corporation desiring to secure a road, lane or outlet leading from any land owned by said person, firm or corporation, through the lands of another person or persons, to a public highway, may file a petition with the county commissioners describing the road, lane or outlet so *98 desired, and giving the respective names and places of residence of the owner or owners of all the land through which the proposed road, lane or outlet will pass.”
Section 6888, enacted at the same time, relates to the notice which is required to be given by the county commissioners.
Section 6889, General Code, as amended March 20, 1917 (107 Ohio Laws, 73), is as follows:
“'Application for compensation and damages shall be made in writing at any time before the date for hearing, thereon. Any failure to make such application shall be a waiver of all rights thereto by every person interested therein, except minors, or other persons under disability. The commissioners if in their opinion the road, lane or outlet petitioned for is necessary for the use of the petitioner, shall establish such road, lane or outlet; or they may establish a road, lane or outlet for the petitioner with such changes or alterations in the route or course thereof as they may deem necessary for the protection of the rights of other owners, and shall award to each person making such application the amount of compensation and damages which they deem to be just and equitable. Said commissioners shall at the same time award to any minor or other person under disability owning lands through which said road, lane or outlet passes, the amount which in their judgment is due such person for compensation or damages, notwithstanding no application has been made therefor on behalf of such minor or other person under disability. When the petitioner for said road, lane or outlet has paid to the owner or owners of lands *99 through which said road, lane or outlet will pass, the amount found due them for compensation or damages by the county commissioners, he shall have full right and authority to enter upon said premises and open up said road, lane or outlet. If any owner of premises through which said road, lane or outlet passes is. not satisfied with the amount awarded him as compensation or damages by the county commissioners he may appeal to the probate court in the manner provided for in the chapter relating to appeals in road cases.'”
It is to be observed that Section 6889 authorizes the commissioners, if in their opinion the road, lane or outlet petitioned for is necessary for the use of the petitioner, to establish such road. Section 19, Article I of the Constitution, provides that private property shall ever be held inviolate, but subservient to the public welfare; the section, however, authorizing the taking of private property for public use upon compensation therefor being made in money, or first secured by deposit of money. Section 6889, supra, authorizes the taking of private property for private use without the consent of the owner. There is no requirement that there shall be a finding that the property is required for public Use. These sections under consideration are in conflict with the provisions of the constitution to which we have referred and therefore are invalid. The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C: J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.